IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

EMPLOYERS INSURANCE COMPANY OF WAUSAU,

OPINION AND ORDER

Petitioner,

12-cv-283-bbc

v.

ARROWOOD INDEMNITY COMPANY,

Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

NATIONWIDE MUTUAL INSURANCE COMPANY,

Petitioner,

12-cv-284-bbc

v.

ARROWOOD INDEMNITY COMPANY,

Respondent,

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

NATIONAL CASUALTY COMPANY,

Petitioner,

12-cv-285-bbc

v.

ARROWOOD INDEMNITY COMPANY,

Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Petitioners Employers Insurance Company of Wausau, Nationwide Mutual Insurance Company and National Casualty Company provide reinsurance to respondent Arrowood Indemnity Company under a series of agreements entered into between 1967 and 1971. After petitioners failed to pay claims that respondent submitted in 2009, respondent served each petitioner with an arbitration demand in 2011.  The disputes have reached this court because the parties cannot agree on the panel of arbitrators.

Petitioners contend that respondent has failed to comply with the method in the parties' arbitration agreements for choosing the arbitrators and they seek an order compelling respondent to comply with the agreements.   In a counterclaim, respondent contends that not all of the agreements require the method petitioners want to use.  It asks the court to choose an arbitrator from a list of three that it has submitted because the parties will not be able to agree on one.

Also before the court is respondent's motion to consolidate the three cases. Jurisdiction is present under 28 U.S.C. § 1332 because the citizenship of the parties is diverse (respondent is a citizen of Delaware and North Carolina; petitioners are citizens of Wisconsin and Ohio) and the amount in controversy in each case is well over $75,000 because respondent is seeking hundreds of thousands of dollars from each petitioner in

2

arbitration. <u>America's MoneyLine, Inc. v. Coleman</u>, 360 F.3d 782, 786 (7th Cir. 2004) ("In the context of actions to compel arbitration, we have adhered to the rule that, in order to ascertain whether the jurisdictional amount for the diversity statute has been met, the appropriate focus is the stakes of the underlying arbitration dispute.").

A threshold question is whether venue is proper in this district. Respondent says it is not because each of the arbitration agreements include a New York forum selection clause and that, under 9 U.S.C. § 4, the clause must be enforced in the context of a petition to compel arbitration. That view is consistent with the law of this circuit. <u>Haber v. Biomet, Inc.</u>, 578 F.3d 553, 558 (7th Cir. 2009) ("When an arbitration clause in a contract includes a forum selection clause, 'only the district court in that forum can issue an order compelling arbitration. Otherwise, the clause of § 4 mandating that the arbitration and the order to compel issue from the same district would be meaningless.'") (quoting <u>Merrill Lynch, Pierce, Fenner & Smith v. Lauer</u>, 49 F.3d 323, 327 (7th Cir. 1995)).

In response, petitioners make several arguments, but none are persuasive. First, they say that the arbitration agreements do not contain "explicit forum selection clauses" because they "merely permi[t] the arbitration to occur in New York, while recognizing the potential for the arbitration to also occur elsewhere." Pet. Br., dkt. #37, at 3. (The citations to the record come from case no. 12-cv-283-bbc, but the briefs and supporting documents in each case are nearly identical.) Petitioners' argument does not withstand scrutiny. The clause at issue states that "arbitration shall take place in New York, New York unless some other place is mutually agreed upon." Dotseth Decl. exh. 1 and 2, dkt. #22. Petitioners seem to be

3

arguing that the clause is permissive because it allows the parties to change the forum by stipulation, but that makes no sense.  Arbitration clauses are creatures of contract, <u>Gore v. Alltel Communications, LLC</u>, 666 F.3d 1027, 1032-33 (7th Cir. 2012), so they always can be changed if all relevant parties agree to the change, just like any other contract.  Thus, the clause petitioners cite simply emphasizes what is already implicit; it does not provide any support for a view that the forum selection clause is "permissive."

Second, petitioners rely on <u>Cortez Byrd Chips, Inc. v. Bill Harbert Construction Co.</u>, 529 U.S. 193, 196 (2000), in which the Supreme Court held that two statutes relating to vacating or modifying an arbitration award do not limit venue, even though the statutes refer only to "the district wherein the award was made."  9 U.S.C. § 10 ("[T]he United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration."); 9 U.S.C. § 11 ("[T]he United States court in and for the district wherein the award was made may make an order modifying or correcting the award upon the application of any party to the arbitration.").  Petitioners argue that § 4 should be viewed as similarly permissive.

This argument has two obvious and fatal problems.  To begin with, §§ 10 and 11 have nothing to do with forum selection clauses and there is no language in <u>Cortez</u> suggesting that its holding would apply if such a clause were present.  In fact, the Court discussed 9 U.S.C. § 9, which allows the parties to agree in advance where the arbitration award may be confirmed.  The Court did not question the validity of a forum selection clause in that context, but instead concluded that §§ 10 and 11 must be construed so that parties may seek

4

to modify or vacate an award in the same district in which they agreed to confirm it, even if that district was not where the arbitration occurred.  <u>Cortez</u>, 529 U.S. at 200-01.

In addition, <u>Cortez</u> is not a case about the proper interpretation of § 4.  Because the Court of Appeals for the Seventh Circuit held in <u>Haber</u> (nine years after <u>Cortez</u>) that § 4 requires district courts to enforce forum selection clauses in arbitration agreements, I would have no discretion to interpret that statute as petitioners suggest.

Third, petitioners argue that respondent waived the forum selection clause by asserting its own counterclaim in this court.  However, the general rule is that parties do not waive objections to the forum by filing a counterclaim, so long as they raise the objection in their answer.  <u>United States v. Ligas</u>, 549 F.3d 497, 502 (7th Cir. 2008) (citing <u>Rates Technology Inc. v. Nortel Networks Corp.</u>, 399 F.3d 1302, 1308 (Fed. Cir. 2005); <u>Frank's Casing Crew & Rental Tools, Inc. v. PMR Technologies., Ltd.</u>, 292 F.3d 1363, 1372 (Fed. Cir.2002); <u>Bayou Steel Corp. v. M/V Amstelvoorn</u>, 809 F.2d 1147, 1149 (5th Cir. 1987); <u>Gates Learjet Corp. v. Jensen</u>, 743 F.2d 1325, 1330 (9th Cir.1984); <u>Chase v. Pan-Pacific Broadcasting, Inc.</u>, 750 F.2d 131, 132 (D.C. Cir. 1984)).  In this case, respondent objected to venue in its answers, dkt. #11, and then raised the issue in opposition to each of petitioners' motions to compel.

There is a twist in this case because respondent is asserting its venue objection as to *petitioners'* claims, but it believes that it may continue to assert its counterclaim in this court because that counterclaim is not to enforce the arbitration agreement under 9 U.S.C. § 4, but to appoint an umpire under 9 U.S.C. § 5, which does not include same venue limitation

as 9 U.S.C. § 4.  However, respondent cites no authority to support its attempt to obtain a tactical advantage over petitioners by objecting to venue on a claim by claim basis. Particularly because petitioners' and respondent's claims are intertwined, it makes no sense to try them in separate courts and it would be unfair to petitioners to do so.  Thus, if respondent prevails on its venue objection, it means that the entire case must transferred.

Finally, petitioners argue that they are relying not just on § 4, but § 5 as well, and they agree with respondent's view that the forum selection clause has no bearing on venue in a case brought under § 5.  An evaluation of this argument requires a review of the language in § 5, which is titled "Appointment of arbitrators or umpire":

> If in the agreement provision be made for a method of naming or appointing an arbitrator or arbitrators or an umpire, such method shall be followed; but if no method be provided therein, or if a method be provided and any party thereto shall fail to avail himself of such method, or if for any other reason there shall be a lapse in the naming of an arbitrator or arbitrators or umpire, or in filling a vacancy, then upon the application of either party to the controversy the court shall designate and appoint an arbitrator or arbitrators or umpire, as the case may require, who shall act under the said agreement with the same force and effect as if he or they had been specifically named therein; and unless otherwise provided in the agreement the arbitration shall be by a single arbitrator.

9 U.S.C. § 5.

In arguing that § 5 authorizes a lawsuit to require parties to comply with an arbitrator selection process in an arbitration agreement, petitioners rely on the first clause: "[i]f in the agreement provision be made for a method of naming or appointing an arbitrator or arbitrators or an umpire, such method shall be followed."  However, this provision is directed at the parties, not the court.  The only part of § 5 addressing the power of the court relates

to the appointment of the arbitrators, which is also the only subject of the title of the statute.  The more natural reading of the first clause is that it sets a condition precedent on obtaining an appointment from the court, not that it provides independent authority to enforce the agreement.  Particularly because petitioners do not cite a single case in which a court interpreted § 5 as granting it authority to enforce an arbitration clause about choosing an umpire, I am reluctant to read in a provision that is not included in the statute.

It makes sense that § 5 would not address the court's authority to require the parties to follow a particular provision in the arbitration agreement because that authority is provided by § 4.  It also makes sense that § 5 would not be limited by a forum selection clause in the arbitration agreement because a § 5 case does not involve interpretation or enforcement of the agreement, but rather relies on the premise that court intervention is needed because the agreement cannot solve the problem.

Even if I assume that petitioners are interpreting § 5 correctly, that would not provide sufficient grounds for keeping the case in this district.  Petitioners do not explain what would happen to their § 4 claim if I allowed them to proceed in this court under § 5.  They have not agreed to abandon their § 4 claim and they do not suggest that their claims should be split between Wisconsin and New York, which would make no sense in any event.  Presumably, petitioners would wish to reserve the right to assert both § 4 and § 5 on appeal, if necessary.  If the court of appeals concluded that § 5 did not provide the necessary authority and that petitioners could not adjudicate the § 4 claims because of improper venue, this would mean that all of the parties' efforts would have been wasted and they would have

7

to start over in New York.

There is no dispute that venue is proper in the Southern District of New York for all the claims and counterclaims in these cases.  Thus, even if petitioners' § 5 claims could be litigated in Wisconsin, it would be in the interest of justice to transfer the cases to New York under 28 U.S.C. § 1404.  Although respondent seeks dismissal rather than transfer, that is not the rule in this circuit.  <u>Mostly Memories, Inc. v. For Your Ease Only, Inc.</u>, 526 F.3d 1093, 1098 (7th Cir. 2008).

Because I am transferring these cases, I will leave it for the Southern District of New York to decide whether consolidation is appropriate, though it is likely to make little practical difference in a case like this one that does not involve a trial or significant issues of case management.

ORDER

IT IS ORDERED that these cases are TRANSFERRED to the United States District Court for the Southern District of New York in accordance with the forum selection clause of the parties' arbitration agreements and 28 U.S.C. §§ 1404 and 1406.

Entered this 25th day of October, 2012.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

8